1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5

6

KAYLA A.,

7

Plaintiff,

8

v.

9

ACTING COMMISSIONER OF SOCIAL
SECURITY,

10

Defendant.

Case No. 3:22-cv-05721-TLF

ORDER AFFIRMING
DEFENDANT'S DECISION TO
DENY BENEFITS

11

12

…

13

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of

14

defendant's denial of plaintiff's application for Child Disability Benefits and Supplemental

15

Security Income ("SSI")] benefits ("DIB")]. Pursuant to 28 U.S.C. § 636(c), Federal Rule

16

of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this

17

matter heard by the undersigned Magistrate Judge. Dkt. 3. Plaintiff challenges the ALJ's

18

decision finding that plaintiff was not disabled. Dkt. 1, Complaint.

19

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

20

denial of Social Security benefits if the ALJ's findings are based on legal error or not

21

supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874

22

F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such

23

relevant evidence as a reasonable mind might accept as adequate to support a

24

conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations

25

1

omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.* The Court is required to consider the full explanation of the ALJ's decision. *Kaufman v. Kijakazi,* 32 F.4th 843, 851 (9th Cir. 2022).

Plaintiff protectively filed an application for Child's Insurance benefits on February 4, 2020; she attained age 22 on June 6, 2013. Plaintiff also filed an application for SSI benefits on February 4, 2020. Plaintiff's alleged onset date was June 7, 2009. AR 15. The Commissioner denied benefits, and plaintiff appealed.

The ALJ held a hearing on August 12, 2021. In a written decision dated October 25, 2021, the ALJ found plaintiff was not disabled prior to June 6, 2013 – the date she attained age 22 – or for SSI, through the date of the ALJ's decision. AR 15-37. The Appeals Council denied plaintiff's request for review. AR 1-5. Plaintiff challenges the October 25, 2021, decision of the ALJ.

When the ALJ applied the five-step review, the ALJ found that plaintiff had the following severe impairments: generalized anxiety disorder, persistent depressive disorder, panic disorder, obsessive compulsive disorder, avoidant versus restrictive food intake, learning disorder, avoidant and dependent personality traits, bipolar disorder, posttraumatic stress disorder, alcohol use disorder, cannabis use disorder, and methamphetamine use disorder. AR 18, 35. Despite these severe impairments, the ALJ

found at step five that plaintiff would be able to work at potential occupations such as a cleaner, kitchen helper, or sorter. AR 37.

DISCUSSION

1. <u>Medical evidence</u>

Plaintiff argues that the ALJ erred by finding that medical opinions of Dr. Griffin, Dr. Hanson, Dr. Petaja, and Dr. Hayward, were unpersuasive. Dkt. 8, Opening Brief, at 1-11. The Commissioner contends the ALJ had substantial evidence upon which to find that plaintiff was not disabled, based on reports from Dr. Gilbert, Dr. Moore, and Dr. Pickett. Dkt. 9, Defendant's Brief, at 3. The Commissioner also points out that Dr. Pickett had diagnosed plaintiff with malingering. *Id.* at 14, citing AR 449.

Under the 2017 regulations, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ must nonetheless explain with specificity how he or she considered the factors of supportability and consistency in evaluating the medical opinions. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b).

The Ninth Circuit considered the 2017 regulations in *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022). The Court found that "the requirement that ALJ's provide 'specific and legitimate reasons'[1] for rejecting a treating or examining doctor's opinion…is incompatible with the revised regulations" because requiring ALJ's to give a "more

---

[1] *See Murray v. Heckler,* 722 F.2d 499, 501 (9th Cir. 1983) (describing the standard of "specific and legitimate reasons").

robust explanation when discrediting evidence from certain sources necessarily favors

the evidence from those sources." *Id.* at 792. Under the new regulations,

> an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must "articulate ... how persuasive" it finds "all of the medical opinions" from each doctor or other source, 20 C.F.R. § 404.1520c(b), and "explain how [it] considered the supportability and consistency factors" in reaching these findings, *id.* § 404.1520c(b)(2).

*Id.*

The ALJ found Dr. Griffin's, Dr. Hayward's, and Dr. Hanson's, opinions were

unpersuasive due to: a. opinions based on one-time evaluation; b. opinions inconsistent

with record as a whole; c. opinions based on discredited self-report; d. opinions vague

and unaccompanied by concurrent medical reasoning. AR 29-34. Plaintiff argues that

none of these reasons is supported by substantial evidence.

Dr. Griffin, Psy. D. evaluated plaintiff on September 23, 2009, when plaintiff was

18 years old. AR 400. Dr. Griffin conducted a clinical interview, Wechsler Adult

Intelligence Scale-IV, and mental status exam, and she conducted a review of available

records. AR 400-403. Dr. Griffin found that plaintiff should not manage her own funds,

and should obtain a protective payee. *Id.* at 403. Dr. Griffin also stated that plaintiff's

motivation in the testing was "fluctuating", so the "testing scores should be viewed with

caution". *Id.* Dr. Griffin recommended a full neuropsychological evaluation to better

assess plaintiff's "memory and learning problems as well as assess her level of

motivation." AR 403. Dr. Griffin recommended psychiatric assessment, therapy for a

minimum of six months, and potentially psychotropic medications should be considered;

Dr. Griffin opined "she is likely unable to handle more complex tasks such as working

full-time" but vocational training might assist plaintiff in obtaining part-time work. *Id.*

Dr. Griffin evaluated plaintiff again on January 2, 2020. AR 631-640. It appears that Dr. Griffin did not review Dr. Pickett's 2013 opinion, described below. In the January 2, 2020, assessment, Dr. Griffin found that plaintiff had an overall moderate degree of impairment, and that – with available treatment – the likely duration of plaintiff's impairment would be nine to ten months. AR 632-633. Dr. Griffin found marked limitations in two areas: ability to "complete a normal work day and work week without interruptions from psychologically based symptoms", and ability to "set realistic goals and plan independently". AR 633.

Dr. Hayward, Psy. D. examined plaintiff on March 2, 2017. It appears that Dr. Hayward did not review the 2013 assessment by Dr. Pickett, described below. AR 531. Dr. Hayward found plaintiff "may struggle to get along with others" due to panic disorder symptoms. AR 535. Plaintiff would not be able to follow complex instructions, and symptoms of obsessive-compulsive disorder "would preclude her ability to complete job tasks". AR 535. Dr. Hayward also found plaintiff "did not appear to be exaggerating her symptoms" and she had "limited knowledge, insight, and lack of ability to exhibit even concrete levels of thinking. . .." Dr. Hayward found the plaintiff's mental health issues were significant, and that her ability to perform in any work setting is in question." AR 535.

Dr. Hanson, Ph.D. evaluated plaintiff on February 29, 2016, when plaintiff was 24 years old. AR 482. Although Dr. Hanson reviewed some medical records, the report does not mention the evaluation performed by Dr. Pickett, described below. AR 482.

Dr. Hanson found the plaintiff exhibited anxiety as her dominant presentation. AR 485. Dr. Hanson found plaintiff "likely could not understand and remember simple

directions or make simple work decisions. She would be unable to concentrate on goal-directed behavior." *Id.*  Dr. Hanson also noted that plaintiff would have difficulty being appropriate with supervisors and co-workers; and plaintiff "would be unable to complete a normal work day and week of eight hours a day five days a week without interruption from psychological condition". *Id.*

The ALJ's decision emphasized that Dr. Leslie Pickett, Ph.D., examined plaintiff on May 7, 2013 (at age 21) and found that plaintiff was malingering. AR 449. Dr. Pickett stated "***She*** [plaintiff] ***is very likely to escalate symptom reports and exaggerate mental health or physical impairments in future attempts to obtain disability funds by fraudulent means (i.e. false report), particularly due to family and peer pressure to find a way to obtain state benefits without having to work.***" (Emphasis in original). AR 450. Dr. Pickett also stated: "she [plaintiff] is able to work a full-time job when court-ordered to do so as part of community service requirements secondary to getting arrested. There appears to be no reason that she would not be able to maintain employment that is not court-ordered. . .. At this time, her ability to function successfully in a work environment appears to be specifically determined by a lack of willingness, rather than a lack of ability." *Id.*

The ALJ's decision found Dr. Pickett's opinion persuasive. AR 31-32. The ALJ considered conflicting medical evidence. There was conflicting opinion evidence about whether plaintiff would be able to work and to what extent plaintiff's limitations would make certain aspects of work more onerous. Reviewing the ALJ's decision as a whole, the Court affirms the ALJ's finding that the medical opinions by Dr. Griffin, Dr. Hayward, and Dr. Hanson, were unpersuasive. The ALJ reasonably expressed a concern about

1    the credibility of plaintiff's self-reports. AR 31-32. The plaintiff's self-reports were of

2    limited value, according to the ALJ. With the strongly worded malingering finding in the

3    2013 evaluation by Dr. Pickett, the ALJ's determination that plaintiff's self-reports would

4    be of limited value to the assessments of the other medical experts is supported by the

5    record. AR 31. Under *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022), the ALJ provided

6    ample reasons, supported by the record, for discounting these evaluations as being

7    unpersuasive, considering Dr. Pickett's evaluation and findings.[2]

8         Because the Court has found one of the reasons relied on by the ALJ was

9    supported by substantial evidence the record, the Court will not address the additional

10   issues about the ALJ's decision finding these medical opinions to be unpersuasive,

11   because any alleged error would be harmless. *See, Batson v. Comm'r of Soc. Sec.*

12   *Admin.,* 359 F.3d 1190, 1197 (9th Cir. 2004) (finding error harmless where ALJ provided

13   another legal valid reason to discredit plaintiff's testimony).

14        2.   Harmless error

15        An error that is inconsequential to the non-disability determination is harmless.

16   *Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)). If the errors

17   of the ALJ result in a residual functional capacity (RFC) that does not include relevant

18   work-related limitations, the RFC is deficient and the error is not harmless. *Id; see also,*

19   *Carmickle v. Comm'r. Soc. Sec. Admin.,* 533 F.3d 1155, 1160 (9th Cir. 2008); *Embrey*

20   *v. Bowen,* 849 F.2d 418, 422-423 (9th Cir. 1988); *Stramol-Spirz v. Saul,* 848 Fed. Appx.

21   715, 718 (9th Cir. 2021) (unpublished).

---

[2] Dr. Hayward (AR 531-535) and Dr. Hanson (AR 482-485) relied heavily on plaintiff's statements about her symptoms and limitations. Dr. Petaja's assessment on January 14, 2020, was a review of Dr. Griffin's evaluation of January 2, 2020. AR 645-652. Dr. Petaja did not examine or treat plaintiff, and did not complete a full or separate evaluation of plaintiff's mental health. AR 645-647.

In this case, the ALJ found plaintiff has "the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant has the ability to concentrate, persistent, and maintain pace for simple 1-3 step tasks in two hour segments at a time, and that require he/she to understand and remember simple 1-3 step instructions, as well as carry out simple, routine, and rote tasks that require no more than occasional independent judgment or decision-making. The tasks that the claimant is performing should be without stringent speed or strict hourly rate based production requirements, but the individual can have end of the day goals involving no more than occasional, if any, daily changes in a work task or work environment itself. Additionally, the individual must work jobs wherein supervisors are on-site, readily available, and make periodic checks on workers. The claimant would be unable to work jobs wherein the worker is left to their own devices for the majority of the workday, such as a night janitor, for example. The claimant could occasionally interact with co-workers, but should not have any public interactions as part of any job-related duties." AR 23-24.

Plaintiff contends that because the ALJ failed to analyze Dr. Petaja's opinion, the Court should reverse and remand. The ALJ's failure to discuss Dr. Petaja's opinion was harmless. The purpose of Dr. Petaja's review was to analyze the strengths and weaknesses of Dr. Griffin's assessment of 1-2-2020. AR 662-663. The limitations on plaintiff's ability to work with others, and limitations relating to limitations on the ability to work independently, are incorporated into the RFC. The opinion of Dr. Petaja is co-extensive with Dr. Griffin's January 2, 2020, opinion; because the ALJ's decision to discount Dr. Griffin's opinion is supported by substantial evidence in the record, any

error in declining to review Dr. Petaja's opinion would not affect the RFC and is therefore harmless.

CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ properly determined plaintiff to be not disabled. Therefore, the ALJ's decision is affirmed.

Dated this 15th day of June, 2022.

Theresa L. Fricke
United States Magistrate Judge